PER CURIAM.
This disciplinary proceeding against William Burton is before us on complaint of The Florida Bar and report of the referee. No request for review has been filed.
The referee makes the following findings of fact:
1. In March of 1973, Mr. Charles Johnson was killed accidentally during the course of his employment in Dade County, Florida.
2. At that time, Mr. Johnson’s life was insured by a $20,000 insurance policy which had been issued by the CNA Insurance Company of Chicago (CNA).
3. The decedent’s mother, Mrs. Dorothy Milton, was the designated beneficiary of the life insurance proceeds.
4. In mid-1973 Mrs. Milton retained Respondent, Mr. William Burton, to assist her in her claim against CNA for payment of the insurance proceeds.
5. At all times material hereto, Respondent was a member of The Florida Bar and subject to the jurisdiction and disciplinary Rules of the Supreme Court of Florida.
6. During July, 1974, Respondent negotiated a settlement for Seventy-Five Hundred Dollars ($7,500.00) of Mrs. Milton’s claim for the $20,000 in life insurance proceeds.
7. Respondent’s settlement with CNA was conducted without the knowledge of or consent of Mrs. Milton, who had consented only to a settlement for the full face value of the policy.
8. Subsequently, Respondent, without Mrs. Milton’s knowledge or consent, forged Mrs. Milton’s signature on a general release purportedly executed in favor of CNA. In return, CNA issued a draft for Seventy-Five Hundred Dollars ($7,500.00) payable to Mrs. Milton and Respondent.
9. Respondent then endorsed Mrs. Milton’s signature on the insurance draft and negotiated the same, retaining the full amount of $7,500.00 for his own use and benefit.
10. The acts described in paragraphs 8 and 9 above of Respondent were conducted without Mrs. Milton’s knowledge or consent.
11. For approximately three years thereafter, Respondent continuously mis *706 represented the status of Mrs. Milton’s claim against CNA each time she contacted him, and did not inform her that he had settled her claim with CNA for Seventy-Five Hundred Dollars ($7,500.00).
12. In mid-1977, Mrs. Milton conducted her own inquiry and discovered that a lawsuit concerning her claim had never been filed, despite representations by Respondent that her case was pending in federal court.
13. Mrs. Milton testified that after she complained to The Florida Bar, Mr. Burton contacted her and attempted to persuade her to withdraw her complaint with The Bar. During those conversations, Mr. Burton admitted to Mrs. Milton that he had settled her claim against CNA and had appropriated the money for his own use and benefit. He promised to reimburse Mrs. Milton for the full face value of the insurance policy; however, Mrs. Milton stated she never heard from Respondent again.
14. Respondent has failed to remit any portion of the insurance proceeds to Mrs. Milton.
15. Respondent has failed to appear during any of the instant proceedings against him.
16. Respondent has been properly served with the complaint and subsequent papers filed in this cause pursuant to Rule 11.13(2), Article XI of the Integration Rule of The Florida Bar.
17. In addition, the record shows that representatives of The Florida Bar contacted relatives of Respondent in an attempt to apprise him of the instant proceedings and provide him an opportunity to be heard. Those attempts by said representatives are beyond the requirements of due process as set forth in Rule 11.-13(2), Article XI of the Integration Rule of The Florida Bar.
18. Respondent has not made even partial restitution to his client, Mrs. Milton.
The referee recommends that Burton be found guilty of violating Florida Bar Integration Rule, article XI, rule 11.02(3)(a)[1] and Florida Bar Code of Professional Responsibility, Disciplinary Rules 1-102(A)(3) and (4),[2] and 9-102(B)(l), (2), and (3).[3]
We have reviewed the record and agree with the referee’s findings and recommendations of guilt. We also agree with the referee’s recommendation that Burton be disbarred from the practice of law in Florida. Not only does Burton’s present reprehensible misconduct warrant disbarment but also his past disciplinary record outlined in the referee’s report, cumulated with his present conduct, leave no doubt that disbarment is the only penalty that will serve the interest of the public and the Bar.
*707 Accordingly, William Burton is hereby disbarred from the practice of law in this State, effective immediately. Costs are hereby assessed against Burton in the amount of $491.45.
It is so ordered.
ADKINS, Acting Chief Justice, and BOYD, OVERTON, ALDERMAN and MCDONALD, JJ., concur.

. Rule 11.02(3)(a), article XI, Florida Bar Integration Rule, provides:
(3) Moral conduct.
(a) Standards. The standards of the Bar are not limited to the observance of rules and avoidance of prohibitive acts, and the enumeration herein of certain categories of misconduct as constituting grounds for discipline shall not be deemed to be all-inclusive nor shall the failure to specify any particular act of misconduct be construed as tolerance thereof. The commission by a lawyer of any act contrary to honesty, justice or good morals, whether the act is committed in the course of his relations as an attorney or otherwise, whether committed within or outside the State of Florida, and whether or not the act is a felony or misdemeanor, constitutes a cause for discipline.

. Disciplinary Rule 1-102(A)(3) and (4), Florida Bar Code of Professional Responsibility, provides:
(A) A lawyer shall not:

(3) Engage in illegal conduct involving moral turpitude.
(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

.Disciplinary Rule 9-102(B)(l), (2), and (3), Florida Bar Code of Professional Responsibility, provides:
(B) A lawyer shall:
(1) Promptly notify a client of the receipt of his funds, securities, or other properties.
(2) Identify and label securities and properties of a client promptly upon receipt and place them in a safe deposit box or other place of safekeeping as soon as practicable.
(3) Maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and render appropriate accounts to his client regarding them.